IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**ALLEN JONES, RICHARD A. WAY**
**CHANDLER SHAW and JOHN ADAMS,**

**Plaintiffs,**

V.    CIVIL ACTION NO: 3:18cv084-NBB-JMV

**THE GREEN DOOR COMPANY, LLC.,**
**WILLIAM ALAN HOPKINS and**
**MELISSA HOPKINS, Individually**

**JURY DEMANDED**

**Defendants.**

---

## COMPLAINT
---

**COME NOW** the Plaintiffs, **ALLEN JONES, RICHARD A. WAY, CHANDLER SHAW and JOHN ADAMS** (hereinafter collectively the "Plaintiffs") by and through the undersigned counsel, and bring this Complaint against the Defendants **THE GREEN DOOR COMPANY, LLC., WILLIAM ALAN HOPKINS and MELISSA HOPKINS,** individually, for unpaid wages and overtime pursuant to the Fair Labor Standards Act, 28 U.S.C. § 201 *et. seq*. The Plaintiffs would show this Honorable Court the following:

**JURISDICTION AND VENUE**

1. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 to hear and adjudicate the Plaintiff's claims for unpaid wages and overtime pursuant to the Fair Labor Standards Act, 28 U.S.C. § 201 *et. seq*., (hereinafter the "FLSA").

2. Venue is proper because Defendant, The Green Door Company, LLC., maintains its principal place of business in Oxford, Mississippi. Venue is likewise proper because the Defendants William Alan Hopkins and Melissa Hopkins also reside in or around Lafayette County,

1

Mississippi, and at all times relevant to this Complaint Defendants employed, suffered and permitted Plaintiffs to work in the Court's district.

## PARTIES

3. Defendant, The Green Door Company, LLC., maintains its principal place of business at 128 Highway 30 East, Oxford, Mississippi. The Green Door Company is engaged in fabrication of furniture, cabinetry, flooring and other goods from reclaimed wood. Defendant, The Green Door Company is and, at all times relevant to this Complaint, was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) and an "enterprise" engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

4. Defendant, William Alan Hopkins, is a co-manager and co-owner of Defendant, The Green Door Company, LLC. William Alan Hopkins and Melissa Hopkins were, on information and belief, jointly or solely responsible for setting the Green Door Company's policies and practices and terms and conditions of employment including, but not limited to, classification of employees and pay practices. In doing so, William Alan Hopkins has been a person acting directly or indirectly in the interest of The Green Door Company in regard to the Plaintiffs' employment. Defendant, William Alan Hopkins, is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

5. Defendant, Melissa Hopkins, is the co-manager and co-owner of Defendant, The Green Door Company, LLC. Melissa Hopkins and William Alan Hopkins were, on information and belief, jointly or solely responsible for setting the Green Door Company's policies and practices and terms and conditions of employment including, but not limited to, classification of employees and pay practices. In doing so, Melissa Hopkins has been a person acting directly or indirectly in the interest of The Green Door Company in regard to the Plaintiffs' employment. Defendant, Melissa Hopkins, is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

6. Plaintiff, Allen Jones, resides in Lafayette County, Mississippi. He was employed by the Defendants as a skilled carpenter and worked in that capacity until his discharge. Jones's work responsibilities required him travel in Mississippi and across state lines, specifically to Tennessee and Arkansas, to collect reclaimed wood and transported it to the Defendants' facility in Oxford, Mississippi. At Defendants' Oxford facility, Jones fabricated the re-claimed wood into furniture, cabinets, flooring and other goods which Defendants sold in interstate commerce. Jones also delivered and assisted in installing said goods across state lines as instructed by Defendants. Plaintiff, Jones, was at all times relevant to this Complaint, an "employee" as defined by the FLSA, 29 U.S.C. § 203(e)(1), in the "employ" within the meaning of the FLSA, 29 U.S.C. § 203(g) of an "enterprise" engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

7. Plaintiff, Richard A. Way, resides in Lafayette County, Mississippi. He was employed by the Defendants as a skilled carpenter and worked in that capacity until his discharge. Way's work responsibilities required him travel in Mississippi and across state lines, specifically to Tennessee and Arkansas, to collect reclaimed wood and transported it to the Defendants' facility in Oxford, Mississippi. At Defendants' Oxford facility, Way fabricated the re-claimed wood into furniture, cabinets, flooring and other goods which Defendants sold in interstate commerce. Way also delivered and assisted in installing said goods across state lines as instructed by Defendants. Plaintiff, Way, was at all times relevant to this Complaint, an "employee" as defined by the FLSA, 29 U.S.C. § 203(e)(1), in the "employ" within the meaning of the FLSA, 29 U.S.C. § 203(g) of an "enterprise" engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

8. Plaintiff, Chandler Shaw, resides in Lafayette County, Mississippi. He was employed by the Defendants as a carpenter/laborer and worked in that capacity until his discharge. Shaw's work

responsibilities required him travel in Mississippi and across state lines, specifically to Tennessee and Arkansas, to collect reclaimed wood and transported it to the Defendants' facility in Oxford, Mississippi. At Defendants' Oxford facility, Shaw fabricated the re-claimed wood into furniture, cabinets, flooring and other goods which Defendants sold in interstate commerce. Way also delivered and assisted in installing said goods across state lines as instructed by Defendants. Plaintiff, Shaw, was at all times relevant to this Complaint, an "employee" as defined by the FLSA, 29 U.S.C. § 203(e)(1), in the "employ" within the meaning of the FLSA, 29 U.S.C. § 203(g) of an "enterprise" engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

9. Plaintiff, John Adams, resides in Lafayette County, Mississippi. He was employed by the Defendants as a carpenter/laborer and worked in that capacity until his discharge. Adams fabricated re-claimed wood into furniture, cabinets, flooring and other goods which Defendants sold in interstate commerce. Adams also delivered and assisted in installing said goods across state lines as instructed by Defendants. Plaintiff, Adams, was at all times relevant to this Complaint, an "employee" as defined by the FLSA, 29 U.S.C. § 203(e)(1), in the "employ" within the meaning of the FLSA, 29 U.S.C. § 203(g) of an "enterprise" engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

## ALLEGATIONS

10. Defendants are engaged in the business of producing custom and for the market wood furniture, cabinets, shelving, flooring and other goods from reclaimed wood at its facility located in Oxford, Mississippi.

4

11. Defendant, The Green Door, procures materials for its production of products by purchasing reclaimed wood from old barns, houses, churches, bowling allies and other sources. Generally, this reclaimed wood is procured from sources located in the three state area of Mississippi, Arkansas and Tennessee.

12. Defendant, The Green Door, markets, sells and ships its finished products in interstate commerce. Defendants have sold, shipped or delivered finished goods to customers located in the states of Tennessee, Alabama, Arkansas, Louisiana, Texas, and Mississippi.

13. Defendants William Alan Hopkins and Melissa Hopkins are the principal managers of Defendant, The Green Door, and as such determine the terms and conditions of employment of its employees including, but not limited to, hours of work, pay rates, classification of employees, and job assignments, in addition to making decisions regarding hiring, discipline, discharge, and the adjustment of employee grievances.

14. Defendants, at all times relevant to this Complaint, were an enterprise whose annual gross volume of sales made or business done was not less than $500,000.

15. Plaintiff, Allen Jones, was hired by the Defendants on or about January 2015, and worked as skilled carpenter until his discharge on or about July 2016, after sustaining an on-the-job injury. At all times relevant to this Complaint, Jones was paid an hourly rate of $20.00 for all hours worked in a work week.

16. Plaintiff, Allen Jones, routinely worked between fifty (50) and sixty (60) hours in a work week while employed by Defendants.

17. Plaintiff, Richard A. Way, was hired by the Defendants on or about March 2015, and worked as skilled carpenter until his separation from employment on or about July 2016. At all times relevant to this Complaint, Way was paid an hourly rate of $20.00 for all hours worked in a work week.

18. Plaintiff, Richard A. Way, routinely worked between fifty (50) and sixty (60) hours in a work week while employed by Defendants.

19. Plaintiff, Chandler Shaw, was hired by the Defendants on or about January 2015, and worked as carpenter/laborer until his separation from employment on or about March 2016. At all times relevant to this Complaint, Shaw was paid an hourly rate of $10.00 for all hours worked in a work week.

20. Plaintiff, Chandler Shaw, routinely worked between fifty (50) and sixty (60) hours in a work week while employed by Defendants.

21. Plaintiff, John Adams, was hired by the Defendants on or about January 2015, and worked as carpenter/laborer until his separation from employment on or about May 2016. At all times relevant to this Complaint, Adams was paid an hourly rate of $10.00 for all hours worked in a work week.

22. Plaintiff, John Adams, routinely worked between fifty (50) and sixty (60) hours in a work week while employed by Defendants.

23. Plaintiffs' work for Defendants involved collecting reclaimed wood; disassembling reclaimed wooden goods; and cutting, fitting, assembling, sanding, and finishing reclaimed wood and other materials in the fabrication of furniture, cabinets, flooring and other goods which Defendants sold in interstate commerce. As such, Plaintiffs performed manual labor for Defendants requiring repetitive operations with their hands, physical skill and energy.

24. The work Plaintiffs performed for the Defendants was an integral to the Defendant's business of producing custom and for the market wood furniture, cabinets, shelving, flooring and other goods from reclaimed wood.

25. Plaintiffs were not staffing employees leased or for hire to Defendants by a third party staffing agency.

6

26. Plaintiffs, while employed by Defendants, did not have the power or authority to hire and fire employees, including their own employees, nor did they supervise other co-workers' work and job performance.

27. Defendant's determined Plaintiffs' hours of work.

28. Defendant's procured work for Plaintiffs' work assignments.

29. Defendants purchased and supplied all necessary materials to Plaintiff including but not limited to, wood, stain, varnish, lacquer, glue, hardware and other materials that became part of the cost of goods sold by Defendants in commerce.

30. Defendants purchased and supplied all necessary tools to Plaintiffs including, but not limited to, saws, routers, sanders, planers, jointers, drills, clamps, brushes, hammers, screw drivers and other tools and machinery necessary to fabricate the goods sold by Defendants in commerce.

31. Defendants purchased and supplied all necessary supplies to Plaintiffs including paper, pencils, markers, and patterns necessary to fabricate the goods sold by Defendants in commerce.

32. Defendants maintained workers' compensation insurance on Plaintiffs and other similarly situated employees.

33. Defendants compensated Plaintiffs for their work by paying them an hourly regular rate of pay.

34. Defendants suffered and permitted Plaintiffs and other similarly situated employees to work in excess of forty (40) hours in a work week.

35. Plaintiffs' kept their own record of the hours worked in a work week and submitted these to the Defendants, therefore; Defendants knew that the Plaintiffs regularly worked in excess of forty (40) hours in a work week.

36. Defendants had a uniform plan, policy and practice of willfully refusing to pay Plaintiffs and other similarly employees appropriate overtime compensation for all hours worked in excess

of forty (40) in a work week as required by the FLSA by classifying them as independent contractors for payroll and tax purposes.

37. Defendants were aware of the economic realities of the facts and circumstances under which Plaintiffs and other similarly situated employees suffered and were permitted to work and thus knew that the Plaintiff's and other similarly employees should not have been classified as independent contractors.

38. Defendants failed and willfully refused to compensate Plaintiffs at a rate of pay not less than one and one-half their regular rate of pay for all hours worked in excess of forty (40) in a work week during their term of employment by intentionally misclassifying Plaintiffs and other similar situated employees and independent contractors.

39. Defendants failed and willfully refused to give Plaintiffs and other similarly situated employees notice of their rights to receive a minimum wage and overtime by failing to properly post in a conspicuous location at its facility a Notice of Employee Rights Under the Fair Labor Standards Act (WH1088) or a reasonable facsimile thereof.

40. At all times relevant to the Complaint, Defendants were aware that the Plaintiffs performed work that required them to be paid an overtime rate of one-half their regular rate of pay.

41. The practices set forth above violated the FLSA, specifically § 207(a). As a result, Plaintiffs and other similarly situated employees suffered a loss of wages.

## COUNT I

42. Plaintiffs re-allege and incorporates by reference the allegations contained in Paragraphs 1 through 41 of this Complaint as if fully set forth herein.

8

43. Defendants are and, at all times relevant to this Complaint, were an "enterprise" engage in commerce or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1) and an "employer" within the meaning of the FLSA, 29 U.S.C. §§ 203(d) and 207(a).

44. At all times relevant to this Complaint, Defendants were required by the FLSA to compensate their non-exempt employees at a rate of not less than one and one-half times their regular hourly rate of pay for all work performed in excess of forty (40) hours in a work week.

45. At all times relevant to this Complaint, Plaintiffs were employees engaged in commerce or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 203(e)(1) and 207(a).

46. At all times relevant to this Complaint, Plaintiffs were entitled by the FLSA to be compensated at a rate of not less than one and one-half times their regular hourly rate of pay for all work performed in excess of forty (40) hours in a work week.

47. At all times relevant to the Complaint, Plaintiffs regularly performed work in excess of forty (40) hours in a workweek but, were not properly compensated at a rate of one and one-half times their regular hourly rate for their overtime work as required by the FLSA.

48. At all times relevant to the Complaint, Defendants knew Plaintiffs regularly worked in excess of forty (40) hours in a work week and willfully failed and refused to compensate Plaintiffs at a rate of one and one-half times their regular hourly rate for their overtime work as required by the FLSA.

49. At all times relevant to this Complaint, Defendants have had a uniform plan, policy and practice of willfully refusing to pay Plaintiffs and other similarly employees appropriate overtime compensation for all hours worked in excess of forty (40) in a work week as required by the FLSA.

50. As a result of Defendant's willful failure to compensate Plaintiffs at a rate of pay not less than one and one-half their regular rate of pay for all hours worked in excess of forty (40) in a work week it and they have violated the FLSA, 29 U.S.C. § 207.

51. Defendant's willful failure to compensate Plaintiffs at a rate of pay not less than one and one-half their regular rate of pay for all hours worked in excess of forty (40) in a work week constitute a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) as Defendants knew or showed reckless disregard that it and their plan, policy and practice of compensating plaintiffs and other similarly situated employees violated the FLSA.

52. Due to Defendants' willful violation of the FLSA, Plaintiffs are entitled and hereby seek to recover from Defendants compensation for unpaid overtime wages for three (3) years prior to filing of their claims, an additional amount as liquidated damages or prejudgment interest, reasonable attorneys' fees, costs and disbursements relating to this action and such other legal and equitable relief as the Court deems just and proper.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs pray for the following relief:

A. A declaratory judgment that the practices complained of herein are unlawful under the FLSA.

B. A judgement against the Defendants that it and their violations of the FLSA were willful.

C. An award of damages for unpaid wages and overtime wages in an exact amount to be determined at trial.

D. An award of liquidated damages equal to the amount of unpaid wages and overtime wages.

E. An award of any pre-judgment and post-judgment interest.

F. An award of costs and expenses of this action, including reasonable attorneys' and experts' fees.

G. Any and all such other legal and equitable relief as this Court deems necessary, just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues so triable.

Dated: April 10, 2018.

Respectfully Submitted,

EVANS | PETREE PC

1750 Aaron Brenner Dr., Suite 800
Memphis, TN 38120
901.525.6781 phone
901.521.0681 fax
*Attorneys for Defendant*

By: /s/ W. Kerby Bowling
    W. Kerby Bowling, TN # 9363
    kbowling@evanspetree.com

    /s/ E. Gene Thornton III
    E. Gene Thornton III (BPR #100982)
    ethornton@evanspetree.com